# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-60077
Summary Calendar

Lyle W. Cayce
Clerk

JORGE LUIS EUCEDA-ORDONEZ,

Petitioner

v.

ERIC H. HOLDER, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 767 013

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Euceda-Ordonez ("Petitioner"), a native and citizen of Honduras, petitions this court to review the dismissal by the Board of Immigration Appeals (BIA) of his appeal of the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *See* 8 U.S.C. §§ 1158, 1231(b)(3). He contends that (1) the IJ and BIA erred in denying his application for asylum because he established past persecution based on his membership in a particular social group and (2) there

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a clear probability that he will be persecuted if he is returned to Honduras. When we review an order of the BIA, we consider the underlying decision of the IJ only to the extent it affected the BIA's ruling. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).

The Secretary of Homeland Security and the Attorney General each have discretion to grant asylum to an alien who is a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is an alien outside his country who is "unable or unwilling to return . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see Mwembie v. Gonzales*, 443 F.3d 405, 410 & n.9 (5th Cir. 2006). The alien has the burden of showing "some particularized connection" between the feared persecution and one of those five exclusive grounds. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994); *see Mwembie*, 443 F.3d at 410; § 1101(a)(42)(A).

The BIA determined that Petitioner had failed to show that his mistreatment by his brother or threats by unknown individuals rose to the level of persecution or that the mistreatment was the result of action by the Honduran government or its unwillingness or inability to control it. The BIA further determined that Petitioner had failed to show that the mistreatment occurred because of a protected factor or that he was a member of a particular social group. The BIA concluded that Petitioner also failed to establish a well-founded fear of future persecution, as certain of his family members remain unharmed in Honduras.

We review the BIA's factual determination that Petitioner is not eligible for asylum under the substantial-evidence standard, and we will not reverse the BIA's decision unless the evidence compels it. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). The evidence in this record does not compel a conclusion different from that reached by the BIA. *See id.* Petitioner testified that unknown individuals had killed his father and three uncles for unknown reasons

and had continued to threaten the family throughout Petitioner's life in Honduras. He stated, however, that these individuals threatened him and his siblings because they were their father's children. Petitioner further testified that, after the deaths of both of his parents, his older brother began to beat him, steal his money, and deny him food, forcing him to beg food from neighbors and to work even when he was ill. Petitioner also stated that other unknown individuals assaulted him in the streets to steal his money.

Even if Petitioner had shown that he suffered past persecution, had a well-founded fear of future persecution, and was a member of the particular social group of children whose parents are deceased and are otherwise without effective familial protection, the evidence does not compel the conclusion that either the abuse by his brother or the threats to him and his family were motivated by his status as a child without parents or other familial protection. *See Ontunez-Tursios v. Ashcroft,* 303 F.3d 341, 350 (5th Cir. 2002). He has failed to show the BIA's decision is unsupported by substantial evidence. *See Chen*, 470 F.3d at 1134.

Petitioner acknowledges that the standards required to establish entitlement to withholding of removal or to relief under the CAT are more stringent than those for asylum, and therefore concedes that, if the BIA did not err as to the issue of asylum, it could not have erred in withholding of removal or denying relief under the CAT. *See Mikhael v. I.N.S.*, 115 F.3d 299, 306 (5th Cir. 1997); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Accordingly, his petition for review is DENIED.